### FULLER v. STARNES LUMBER CO.
#### Civ. A. No. 3334.

United States District Court
E. D. Oklahoma.
Jan. 14, 1953.

Paul Harkey, Idabel, Okl., for plaintiff.

George T. Arnett, Idabel, Okl., for defendant.

WALLACE, District Judge.

The defendant, Starnes Lumber Company, contracted to build a dwelling for the plaintiff, Robert S. Fuller, a veteran. The contract, which included plans and specifications, provided that the improvements would be done for $8,300; the mortgage on the property was to be insured by the Veterans' Administration. The Veterans' Administration issued a reasonable value appraisal of $9,300, of which $1,000 was allocated to the building site and $8,300 was allocated to the improvements.

The plaintiff alleged that the defendant did not complete the improvements in full compliance with the contract, hence the plaintiff was required to spend an additional $796.25 to complete the improvements.[1]

Plaintiff now requests treble the amount of $796.25 on the theory that in reality this additional amount spent constituted a side payment, over and above the reasonable value appraisal of the Veterans' Administration, which violated Title 38, U.S. C.A. § 694c–1.[2]

The defendant contends that the completed construction met the contractual provisions but that the plaintiff requested various improvements not included in the contract. Defendant asserts that the additional improvements amounted to $471.21[3] but that when this amount was disputed by the plaintiff, the parties settled for $400. The defendant requests judgment for $400 on the note allegedly given by plaintiff to the defendant in settlement of this disputed amount.

The court having heard all the evidence finds the following set of facts:

(1) Robert S. Fuller, plaintiff, is a veteran of World War II and as such is eli-

1. Plaintiff itemizes his contention as follows:

| | |
|---|---|
| Installation of adequate well pump and pipe | $281.00 |
| Relay floor in kitchen and utility room | 73.25 |
| Installation of exhaust fan in kitchen | 30.00 |
| Installation of additional lighting fixtures | 50.00 |
| Installation of bathroom fixtures | 10.00 |
| Installation of grills on screen doors | 5.00 |
| Clearing of site and removal of debris | 97 00 |
| Installation of driveway | 240.00 |
| Replacement of kitchen sink | 10.00 |

2. This statute provides:

"Whoever knowingly makes, effects, or participates in a sale of any property to a veteran for a consideration in excess of the reasonable value of such property as determined by proper appraisal made by an appraiser designated by the Administrator, shall, if the veteran pays for such property in whole or in part with the proceeds of a loan guaranteed by the Veterans' Administration * * * be liable for three times the amount of such excess consideration irrespective of whether such person has received any part thereof."

3. Defendant itemizes his contention as follows:

| | |
|---|---|
| Difference between installed sink and sink called for in contract | $ 10.20 |
| Plumbing material for washing machine | 6.07 |
| Additional lateral for septic tank | 69.75 |
| Difference between installed water pump and one required in contract | 192.03 |
| Construction of well house | 193.16 |

gible for the guarantee loan benefits for veterans provided by Congress.

(2) The Starnes Lumber Company is a corporation engaged in the general contracting as well as lumber and building material business at Idabel, McCurtain County, Oklahoma.

(3) On April 24, 1950, Starnes and Starnes, a partnership composed of W. W. Starnes and Royce Starnes, entered into a written contract with Robert Shelby Fuller, the plaintiff herein, to construct a dwelling on land situate in Section 13, Township 8 South, Range 24 East, Mc-Curtain County, Oklahoma, (known as the Duval Site) for $8,300, according to certain plans and specifications to be submitted to the Veterans' Administration.

(4) By mutual agreement, the above-mentioned contract was abandoned, and on October 20, 1950, another contract was entered into between the Starnes Lumber Company, a corporation, and the plaintiff.

(5) The terms of this second contract were identical with those of the first except the corporation became a party to the contract in place of the partnership and except for a change in the building site.

(6) This second contract called for the improvements to be made on a tract of land in Section 26, Township 7 South, Range 24 East.

(7) The plans and specifications were approved by the Veterans' Administration and the appraisal set the reasonable value of the property when completed at $9,300. This appraisal allocated $1,000 to the land and $8,300 to the improvements.[4]

(8) The improvements were completed in compliance with the contract, except:

(a) several minor alterations which were approved by the inspector for the Veterans' Administration, and

(b) the installation of water pump and equipment.

(9) The water pump furnished by the defendant was not adequate to pump water on the plaintiff's property and thus did not meet the specifications. Plaintiff spent $192.03 to obtain a suitable pump.

(10) The official appraiser and inspector for the Veterans' Administration made a number of inspections at different stages of the construction and on August 30, 1951, he made his final inspection and found the improvements met the plans and specifications approved by the Veterans' Administration. This inspection did not include a literal examination of the water pump mentioned in finding (8) and (9) above.[5]

(11) There were certain additions made to the property which were not included in the contract. The plaintiff specifically requested these additions and agreed to stand the additional cost.[6] The exact amount of this additional cost was in dispute but was settled for $400.

(12) This $400 debt is evidenced by a note given defendant by plaintiff on September 15, 1952.[7]

It is the conclusion of the court that under these facts that although defendant is entitled to judgment for $400, the amount of the note executed by the plaintiff, that the plaintiff is entitled to an off-set of $192.03, which was the

---

4. See plaintiff's exhibit "B" (Certificate of Reasonable Value).

5. See defendant's exhibit "E" (Deposition of E. H. King, p. 40).

6. The contract provides:
   "Alterations: Should the owner, at any-time during the progress of the work, require any alterations of, deviation from, addition to or omission from it as contracted, he shall have the right and power to do so and the same shall in no way injuriously affect the contract, but the difference shall be added to or deducted from the contract, as the case may be, by a fair and reasonable valuation and time allowance shall be adjusted in conformity therewith. The additional cost or deduction and the time shall be agreed upon in writing and become a part of this contract."

Although these additions and alterations were not reduced to writing the plaintiff is liable for their reasonable value. Plaintiff contracted to pay $400 in settlement of the dispute. Doubtless both parties considered this $400 the approximate value.

7. See defendant's exhibit "B".

amount paid by the plaintiff to secure a suitable water pump.

■ Although the $192.03 could be construed as a side payment under Title 38 U.S.C.A. § 694c–1, the court does not believe this amount comes within the purview of this penal statute. This statute was enacted to reach those contractors who deliberately arranged to get a side payment over and above the reasonable value appraisal of the Veterans' Administration. The acute demand for housing and building material shortage could be used by these contractors as a leverage to exact these side payments. This practice was particularly despicable in that not only was an unfair advantage taken of the individual veteran but it also constituted a serious threat to the national economy because of the strong inflationary effect of the practice.

In this case the $192.03 was not charged "knowingly" as required to invoke the penalty. Although the plaintiff is entitled to this $192.03, the court is of the opinion that at the time of the $400 settlement the defendant sincerely believed that the terms of the contract had been fully met, and that the additional amount was for improvements not required by the contract.

Judgment for the defendant in the amount of $207.97.

Counsel are directed to prepare a journal entry in conformity with this opinion within ten days.